UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ROSALES,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-1497 DB<br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.[1] Plaintiff argues that the Administrative Law Judge's treatment of the medical opinion evidence constituted error. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

PROCEDURAL BACKGROUND

On October 30, 2012, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on June 23, 2002. (Transcript

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 8.)

1

("Tr.") at 19.) Plaintiff's applications were denied initially, (id. at 137-42), and upon reconsideration. (Id. at 147-57.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on June 17, 2014. (Id. at 39-74.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 40-42.) In a decision issued on October 3, 2014, the ALJ found that plaintiff was not disabled. (Id. at 32.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act from January 1, 2008 through June 30, 2012.
>
> 2. The claimant has not engaged in Substantial Gainful Activity (SGA) since January 1, 2008, the date first insured (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: history of head trauma with skull fracture and subarachnoid hemorrhage; cognitive disorder; Mood Disorder Not Otherwise Specified (NOS); and poly-substance abuse (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the Residual Functional Capacity (RFC) to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to work involving simple, routine, and repetitive tasks (which is defined in the Dictionary of Occupational Titles (DOT) as jobs having a Specific Vocational Preparation (SVP) Level of 1 or 2) and no more than occasional changes in in (sic) work setting. Additionally, the claimant can have no more than occasional contact with coworkers, supervisors, and the public.
>
> 6. The claimant has no Past Relevant Work (PRW) (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on August 19, 1987 and was 20 years old, which is defined as a younger individual age 18-49, on the date first insured (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not an issue because the claimant does not have Past Relevant Work (PRW) (20 CFR 404.1568 and 416.968).

2

> 10. Considering the claimant's age, education, work experience, and Residual Functional Capacity (RFC), there are jobs that exist in significant numbers in the National Economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2008 (the date first insured), through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 21-32.)

On April 13, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's October 3, 2014 decision. (Id. at 9-11.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on June 30, 3016. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

////

3

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts that the ALJ's treatment of the medical opinion evidence constituted error. (Pl.'s MSJ (ECF No. 16) at 5-10.[2]) The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, Dr. Paul Martin, Ph.D., examined plaintiff on January 14, 2013. (Tr. at 472.) Dr. Martin's examination included a complete psychological evaluation and the administration of several tests. (Id. at 472-75.) After completing his evaluation, Dr. Martin opined that plaintiff was mildly, moderately, and markedly impaired in several areas of functioning. (Id. at 474-75.)

The ALJ's decision discussed Dr. Martin's opinion. (Id. at 29-30.) The ALJ, however, afforded Dr. Martin's opinion only "moderate probative weight." (Id. at 30.) In this regard, the ALJ found that the

> opinion is somewhat inconsistent with the examination report in which Dr. Martin opined the claimant's severity is at the high end of moderate. While the moderate limitations are supported by the evidence of record, the marked limitations are not. The claimant interacts with friends and family on a regular basis and leaves his home every day to recycle and purchase cigarettes and other incidentals. He has regular public contact. He also worked for five years, during which time he must have interacted with coworkers and supervisors at a minimally acceptable level.

(Id.)

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988); see also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence."); McAllister v. Sullivan, 888 F.2d 599,

5

602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do not suffice).

Here, the ALJ found that Dr. Martin's opinion as to plaintiff's marked limitations was not supported by evidence in the record. The ALJ supported this finding by stating that plaintiff "interacts with friends and family on a regular basis and leaves home every day to recycle and purchase cigarettes and other incidentals."[3] (Tr. at 30.) In this regard, the ALJ found that plaintiff "has regular public contact." (Id.)

However,

> [t]he critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012). Moreover, plaintiff testified that he does "[n]ot really" socialize. (Tr. at 58.)

The ALJ also found that Dr. Martin's opinion with respect to plaintiff's marked limitations was not supported by the fact that plaintiff worked for five years. (Id. at 30.) Plaintiff, however, testified that while working he had trouble with his coworkers. (Id. at 64.) Moreover, plaintiff was last employed in September of 2011. (Id. at 259.) Dr. Martin's opinion, however, was rendered on January 14, 2013. (Id. at 472.) And Dr. Martin was aware of plaintiff's prior employment when he rendered his opinion. (Id. at 473.)

In this regard, the ALJ failed to offer specific and legitimate reasons supported by substantial evidence in the record for rejecting the opinion of Dr. Martin. Accordingly, plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of Dr. Martin's opinion constituted error.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded

---

[3] The ALJ did not cite to evidence in support of his argument.

6

under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that this matter should be remanded from proper consideration of Dr. Martin's opinion. (Pl.'s MSJ (ECF No. 16) at 10.) The court agrees.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 17) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: August 18, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\rosales1497.ord